E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
CLAIRE E. KELLY (Cal. Bar No. 306086)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/ 3868
     Facsimile: (213) 894-3713
     E-mail:  Damaris.Diaz@usdoj.gov
              Claire.Kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>DARREL SUMLER,<br><br>           Defendant. | No. CR 19-462-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT DARREL SUMLER'S MOTION TO DISMISS INDICTMENT (DKT. NO. 906); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: March 6, 2023<br>Hearing Time: 10:00 a.m.<br>Location:     Courtroom of the<br>              Hon. Stephen V.<br>              Wilson |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Claire E. Kelly, hereby files its Opposition to defendant Darrel Sumler's Motion to Dismiss Indictment (Dkt. No. 906).

This Opposition is based upon the attached memorandum of points and authorities, declaration and exhibits, the files and records in

this case, and such further evidence and argument as the Court may permit.

Dated: February 13, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

     /s/
DAMARIS DIAZ
CLAIRE E. KELLY
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Darrel Sumler ("defendant" or "Sumler") moves to dismiss the indictment against him based on the alleged violation of his Sixth Amendment right to a speedy trial. (Dkt. No. 906.) The indictment against 14 defendants, including Sumler, was returned on August 14, 2019. (Dkt. No. 1.) The indictment was unsealed on October 2, 2019, the day coordinated arrests were made in this and several related cases ("Takedown Day"). (See, e.g., Dkt. Nos. 50-106.) Sumler was not located on Takedown Day. On November 27, 2019, law enforcement officers conducted surveillance at a potential residence of Sumler's, with negative results. In March 2020, the COVID-19 pandemic shut down the federal courts and many aspects of daily life. Since the start of the pandemic shutdown, trials were suspended in this District on and off until approximately late-January 2022. See Gen. Orders 20-02 and 20-03; Orders of the Chief Judge 20-042, 22-001, 22-002, 22-004. Defendant was apprehended on August 8, 2022. (See Dkt. No. 727.) The first trial in this case, against the lead defendant and three others, began on September 20, 2022. (Dkt. No. 775.) The remaining four defendants, including Sumler, are set for trial on March 14, 2023. (Dkt. No. 836.) Sumler has twice stipulated to continuances of trial. (Dkt. Nos. 746, 835.)

Defendant now asserts that the approximately 3-year delay between the August 2019 indictment and his August 2022 arrest violated his right to a speedy trial. Balancing the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972), no speedy trial violation occurred. The reasons for the delay show that the government was not negligent in light of the COVID-19 pandemic.

While the three years between indictment and arrest would automatically trigger further inquiry under Barker, it is not sufficient to excuse Sumler from showing prejudice. Defendant is going to trial together with his co-defendants, and cannot show any prejudice from the delay. Accordingly, the motion should be denied.

**II. ARGUMENT**

**A.    BARKER V. WINGO AND ITS PROGENY**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Once the accused demands a speedy trial, the government must "make a 'diligent, good-faith effort' to bring the accused before the court for trial." United States v. Sandoval, 990 F.2d 481, 484 (9th Cir. 1993) (citation omitted).

To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, federal courts engage in a balancing of the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the extent to which the defendant asserted his right; and (4) whether the defendant suffered prejudice as a result of the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008). None of the four factors are either necessary or sufficient, when considered separately, to support a finding that a defendant's speedy trial rights have been violated. Barker, 407 U.S. at 533. Rather, the factors are related to each other and "must be considered together with such other circumstances as may be relevant." Id.

### B. BALANCING THE BARKER FACTORS ANEW SHOWS THERE WAS NO VIOLATION

#### 1. Length of delay

For speedy trial claims, the length of the delay is usually measured from the time of the indictment to the time of the trial. United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003). Here, defendant complains only about the timeframe between his indictment and his arrest, which was approximately three years. The length of delay is to some extent considered a triggering mechanism which, if sufficiently lengthy, warrants inquiry into the other three Barker factors to determine whether a Sixth Amendment violation of defendant's speedy trial right has occurred. United States v. Corona-Verbera, 509 F.3d 1105, 1114 (9th Cir. 2007). Most courts have found that a delay approaching one year is sufficiently prejudicial to trigger inquiry into the other three Barker factors. Id.

#### 2. Reasons for Delay

Although the Indictment was issued on August 14, 2019, the government made arrests on the Indictment on October 2, 2019 as part of a coordinated takedown. Sumler was not apprehended on that date. In late November, 2019, a law enforcement agent conducted surveillance attempting to locate Sumler, to no avail. At least 3.5 months should be deducted from the alleged delay period based on law enforcement's attempts to locate Sumler.

In March 2020, the President of the United States declared a national emergency due to the COVID-19 pandemic, which disrupted normal operations of courts, the government, businesses, and all aspects of daily life across the globe. See Gen. Orders 20-02 and

3

20-03; Order of the Chief Judge 20-042.  For much of the time between March 2020 and February 2022, trials were suspended in this district.  Id.; see also Order of the Chief Judge 22-001, 22-002, 22-004.  The Court continued trial as to all other defendants at various times due to the COVID-19 pandemic and related shutdowns.  The time period from late-November 2019 through late-January 2022 should be deducted from the alleged post-indictment delay due to the pandemic.  "The effects of the pandemic in 2020 on the logistics of arrests is arguably a valid reason for delay."  See United States v. Briggs, No. 20-410, 2020 WL 1939720, at *2 (E.D. Pa. Apr. 22, 2020) ("The reason for the Government's delay is a valid, neutral reason: a global pandemic."); United States v. Crittenden, No. 20-7, 2020 WL 5223303, at *3 (M.D. Ga. Sept. 1, 2020) ("Certainly, a global pandemic that is beyond the control of all the parties involved justifies an appropriate delay."); United States v. Torres-Bocanegra, No. 19-792, 2021 WL 2429519 (D.P.R. June 14, 2021) (the Court should take judicial notice of "the COVID-19 pandemic and its disruption of all aspects of daily life."); United States v. Vargas, No. 0:18-CR-60265-KMM-1, 2021 WL 5121136, at *6 (S.D. Fla. Nov. 4, 2021) ("at a minimum, COVID-19 was a complicating factor and this weighs in favor of requiring Defendant to show prejudice because it reduces the extent to which the Government was responsible for the [35-month] delay in Defendant's arrest...the COVID-19 pandemic is a factor that mitigates the role of the Government's negligence in the [35-month] delay of Defendant's arrest.").

    Considering the pandemic shutdowns, the alleged delay period should be reduced to approximately 10 months.  Under Barker, this delay is insufficient to trigger a presumption of prejudice.  United

States v. Beamon, 992 F.2d 1009, 1013-14 (9th Cir. 1993) (a 20-month negligent delay was not a speedy trial violation in the absence of specific proof of actual prejudice); United States v. Gregory, 322 F.3d at 1162 (22-month delay required particularized showing of prejudice). Therefore, the reasons for delay weigh predominately in favor of the government.

        3.    Extent to which defendant asserted his speedy trial right

A defendant's assertion of his speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531—32. "A defendant should give some indication, prior to the assertion of a speedy trial violation, that he wishes to proceed to trial." Muñoz-Amado, 182 F.3d at 62. Generally, a defendant is expected to zealously pursue his or her right, and not merely wait until a speedy trial motion "[becomes] a possibly viable way to preclude consideration of the merits of the case." United States v. Colombo, 852 F.2d 19, 26 (1st Cir. 1988).

Sumler raised this motion several months after his arrest. Accordingly, this factor is neutral. But see Torres-Bocanegra, No. 19-792, 2021 WL 2429519 (defendant's assertion of speedy trial rights in motion filed four months after arrest weighed in favor of the government).

        4.    Prejudice

The prejudices recognized as potentially relevant to the speedy trial balancing test are (1) oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) impairment of the defense. Barker, 407 U.S. at 532. The amount of prejudice a

defendant must show is related to the degree of the government's culpability in the delay and the length of the delay.  In Aguirre, the Ninth Circuit articulated three circumstances: (1) where the government was reasonably diligent, no matter the length of the delay, the speedy trial claim would fail unless the defendant could show specific prejudice to his defense; (2) where the government deliberately delayed trial to gain an advantage over the defendant, a lengthy delay would present an "overwhelming case for dismissal"; and (3) where the government was negligent in pursuing the defendant, "prejudice will be presumed and its weight in defendant's favor will depend on the length of the delay."  994 F.2d at 1456.  "[W]hen the government has been negligent and the delay does not far exceed the minimum time required to trigger the full Barker inquiry, 'we must consider the amount of delay in relation to particularized prejudice.'"  Id. at 1163, quoting Beamon, 992 F.2d at 1014.  See also Doggett, 505 U.S. at 657 ("To be sure, to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice.").

Even if the Court does not shorten the delay period here due to the pandemic shutdowns, where there is no prejudice to the defendant and no bad faith by the government, a post-indictment delay of three years does not warrant dismissal of the indictment.  See United States v. Kato, 666 F. Supp. 1428, 1432 (D. Haw. 1987) ("Although the delay was long, and probably could have been lessened by greater diligence on the part of law enforcement officials in locating the defendant, the delay was not the product of bad motive on the part of the government.  Most importantly, however, this court finds that the

delay did not prejudice the defendant."); United States v. Krug, 666 F. App'x 665, 667 (9th Cir. 2016) (34-month delay did not warrant dismissal in the absence of bad faith by the government or prejudice to the defendant); See also United States v. Serna-Villarreal, 352 F.3d 225, 232 (5th Cir. 2003) (finding presumed prejudice only in cases involving delay of five years or more).

Defendant has made no showing whatsoever that he has suffered any prejudice in the Barker categories, and he should be precluded from doing so for the first time in his reply. Nor can he. Defendant is going to trial with his co-defendants as if he had been arrested alongside them in 2019. Defendant has suffered no prejudice from any government delay in arresting him.

No prejudice having been shown, the balance of the remaining factors weighs in favor of the government, and defendant's Motion should be denied.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the Motion to Dismiss.